IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JERRY DONALD BILLINGSLEY,           )
                                    )
    Plaintiff,                      )
                                    )
vs.                                 )    CIV. A. NO. 26-00137-JB-C
                                    )
ALABAMA CORR. PRISONER,             )
                                    )
    Defendant.                      )

## REPORT AND RECOMMENDATION

Plaintiff Jerry Donald Billingsley ("Billingsley"), an Alabama prison inmate, proceeding without the assistance of counsel (*pro se*), filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1).  The action was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of this action's proceedings, and for the reasons discussed below, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** for Plaintiff's failure to comply with the Court's order.

The Court received and docketed Billingsley's complaint (Doc. 1) on April 13, 2026. At the time of filing the complaint, however, Billingsley did not pay the required filing fee for the action, nor did he file a motion to proceed without prepayment of fees. For this reason, on April 15, 2026, the Court ordered Billingsley to pay the required $405 filing fee "or file a conforming motion to proceed without prepayment of fees by May 18, 2026." (Doc. 2 at 1). In the same order, the Court noted that Billingsley's complaint violated the Rule 8 of the Federal Rules of Civil Procedure and ordered Billingsley to file an amended complaint, on or before May 18, 2026, on the Court's form and curing the noted deficiencies. (*Id*. at 1-2). The Court instructed Billingsley on how to draft an actionable complaint and provided him a copy of the Court's forms for filing a prisoner

complaint under § 1983 and for filing a motion to proceed without prepayment of fees. Plaintiff was cautioned that failure to comply with the Court's order would result in the dismissal of this action without prejudice for failure to prosecute and to follow the Court's order. (*Id.* at 3).

As of June 23, 2026, Plaintiff Billingsley has not complied with the undersigned's order. First, he has not filed a completed motion to proceed without fees, nor has he paid the filing fee to initiate this lawsuit. While Billingsley submitted a "Balance Sheet" for his inmate account on May 12, 2026,[1] *see* Doc. 3 at 2, this filing failed to satisfy the requirements of a motion to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a). Notably, the filing was not on the Court's form for a motion to proceed without prepayment of fees, so it did not contain the necessary information for the Court to determine if Billingsley lacked funds to pay the required filing fee, including a statement of all assets and a signed certificate by an appropriate prison official certifying the account statement, as required by 28 U.S.C. § 1915(a)(1)-(2). Second, Billingsley has not filed an amended complaint. Nor has Billingsley communicated in any other way with the Court.

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered a fundamental power of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 629-630 (1962). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-

---

[1] Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (") (citation omitted).

31. Moreover, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quotation marks and citation omitted)); *accord. Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the two sources of a court's authority to *sua sponte* dismiss an action are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure). To date, the Court has not received a completed motion to proceed without prepayment of fees or an amended complaint as ordered by the Court, and the deadline for compliance has now passed.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link,* 370 U.S. at 630 (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *see also Freeze v. Sec'y, Dep't of Children & Families*, 825 F. App'x 606, 610 (11th Cir. 2020) (affirming the dismissal without prejudice of the complaint for failure to follow court orders to amend his complaint).

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

3

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **23rd** day of **June 2026**.

**/s/ WILLIAM E. CASSADY**
**UNITED STATES MAGISTRATE JUDGE**